# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BLAKE CONNOR,            )<br>                                          )<br>     Plaintiff            )<br>                                          )  **Case No.:**<br>  v.                        )<br>                                          )  **COMPLAINT AND DEMAND FOR**<br>NATIONWIDE RECOVERY   )  **JURY TRIAL**<br>SYSTEMS, LTD.,           )<br>                                          )  **(Unlawful Debt Collection Practices)**<br>     Defendant           )  | |

## COMPLAINT

BLAKE CONNOR ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL RECOVERY SYSTEMS, LTD. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Metamora, Michigan 48455.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 501 Shelley Avenue, Suite 300, Tyler, Texas 75701.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone.

13. Plaintiff has only used this phone as a cellular telephone.

14. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. The alleged debt Defendant was collecting on were incurred as part of a purchase agreement and arose out of transactions that were primarily for personal, family, or household purposes.

16. Beginning in or around December 2016 and continuing through January 2017, Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone.

17. Defendant's harassing debt collection calls derived from numbers including, but not limited to (216) 502-4541 and (888) 677-5230. The undersigned has confirmed that this number belongs to the Defendant.

18. Desiring to stop Defendant's repetitive calls, Plaintiff spoke to Defendant in or around the middle of December and requested that Defendant stop calling him.

19. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good

PLAINTIFF'S COMPLAINT

faith reason to place calls.

20. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

21. However, Defendant failed to restrict its calls to Plaintiff's cellular telephone and continued to call him through January 2017.

22. These additional calls were frustrating and annoying for Plaintiff especially since Defendant would call often him while at work and during work meetings.

23. Defendant also called Plaintiff before 8am, after 9pm and on at least one holiday.

24. When placing calls to Plaintiff, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

25. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded voice as he received automated voice messages from Defendant regarding the alleged debt.

26. Defendant's calls were not placed for emergency purposes.

27. Lastly, in its attempts to collect the alleged debts, Defendant failed to send Plaintiff written correspondence within five (5) days of its initial communication with her advising him of his rights pursuant to the FDCPA.

## COUNT I
## DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA

28.     A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30.     Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on his cellular telephone and continued to call knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA

31.     Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, with a consumer in connection with the collection of any debt -- (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt

collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

32. Here, Defendant violated § 1692c(a)(1) of the FDPCA when it contacted Plaintiff before 8am, after 9pm and on at least one holiday.

## COUNT III
## DEFENDANT VIOLATED §1692g OF THE FDCPA

33. A debt collector violates § 1692g if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

PLAINTIFF'S COMPLAINT

34. Defendant violated § 1692g by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debts or request verification of the debt.

## COUNT IV
## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

37. Defendant's calls to Plaintiff were not made for emergency purposes.

38. Defendant's calls to Plaintiff, on and after December 2016, were not made with Plaintiff's prior express consent.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, BLAKE CONNOR, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BLAKE CONNOR, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: May 19, 2017   By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff